# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LEONEL MARIN-TORRES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. C20-942RSL<br><br>ORDER CONSTRUING PETITIONER'S MOTION AS A MOTION TO RECUSE, DENYING THE MOTION, AND REFERRING THE MOTION TO THE CHIEF JUDGE |

This matter comes before the Court on petitioner's motion requesting an extension of time to file a reply brief. Dkt. # 11. Throughout his motion, petitioner claims that the undersigned judge is biased against petitioner. See id. The Court liberally construes petitioner's statements as a motion to recuse. The Court has considered the motion to recuse and denies it for the reasons set forth below.

Under the Local Civil Rules (LCR) for the Western District of Washington, "[w]henever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012).

ORDER DENYING MOTION TO RECUSE - 1

1    Petitioner does not demonstrate that he is entitled to relief under the relevant legal
2 standard. Petitioner makes baseless accusations (e.g., that the undersigned is "guilty of
3 conspiracy to torture petitioner," that the undersigned is biased due to his former service as a
4 prosecutor, and that the undersigned supports police brutality and racial discrimination). See
5 Dkt. # 11. Petitioner fails to provide any *objective* basis for finding an appearance of bias.
6 Moreover, petitioner's subjective beliefs appear to stem from the undersigned's rulings in the
7 underlying criminal case, but "a judge's prior adverse ruling is not sufficient cause for recusal."
8 United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986); see also Taylor v. Regents of Univ.
9 of Cal., 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an
10 extrajudicial source."). And "[i]t has long been the rule in the Ninth Circuit that a judge who has
11 conducted a criminal case is not disqualified from ruling on a motion brought under section
12 2255 regarding the trial court proceedings." United States v. Seaton, No. C02-000444 MHP,
13 2010 WL 1998562, at *3 (N.D. Cal. May 18, 2010) (citing Battaglia v. United States, 390 F.2d
14 256, 259 (9th Cir. 1968)). The undersigned has no personal bias in this matter and cannot
15 independently conceive of a basis for recusal.

    For all of the foregoing reasons, the Court DENIES petitioner's recusal motion and
directs the Clerk to refer petitioner's motion to Chief Judge Ricardo S. Martinez for review.[1]

    DATED this 22nd day of February, 2021.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The Court will refrain from addressing the merits of petitioner's motion requesting an extension of time until after Chief Judge Martinez has reviewed the recusal issue.

ORDER DENYING MOTION TO RECUSE - 2