UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEONEL MARIN-TORRES, | CASE NO. C20-942 RSL |
| Petitioner, | ORDER AFFIRMING ORDER DENYING PETITIONER'S MOTION TO RECUSE |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter has been referred to the undersigned by the Honorable United States District Court Judge Robert S. Lasnik for review pursuant to Western District of Washington Local Rule LCR 3(f). Dkt. #12. Prior to denying the request, Judge Lasnik construed Petitioner's motion for an extension of time to file a reply in his §§2255 habeas proceeding as a motion for voluntary recusal. *Id.* Indeed, the motion includes allegations that Judge Lasnik is prejudiced and biased against Petitioner. Dkt. #11. Petitioner's complaints variously relate to Judge Lasnik's presiding over Petitioner's criminal trial and his past service as a prosecutor, perceived errors with Petitioner's prior criminal convictions, and to Judge Lasnik's torture of Petitioner and implicit support for police brutality against Petitioner. *See id.*

Judge Lasnik correctly set forth the legal standards applicable to Petitioner's motion. Dkt. #12 at 1. Briefly, a "judge of the United States shall disqualify himself in any proceeding in

ORDER – 1

which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also* 28 U.S.C. § 144.  This includes where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Petitioner's motion does not meet the applicable legal standards here.  Petitioner's primary complaints relate to Judge Lasnik's actions and rulings in the course of Petitioner's criminal trial.  But to warrant recusal, "[t]he alleged bias and prejudice . . . must stem from an extrajudicial source."  *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (citing *Berger v. United States*, 255 U.S. 22, 31 (1921)).  "[A] judge's prior adverse ruling is not sufficient cause for recusal."  *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).  Even taken as a whole, Petitioner's motion does not establish any objective basis on which Petitioner alleges that Judge Lasnik is prejudiced or biased against him.

Accordingly, for the reasons set forth above, the Court finds and ORDERS that Judge Lasnik's order declining to disqualify himself (Dkt. #12) is AFFIRMED.

DATED this 11th day of March, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 2