UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEONEL MARIN-TORRES, | Case No. C20-942-RSL |
|            Defendant-Petitioner, | ORDER DENYING MOTION |
| v. | UNDER 28 U.S.C. § 2255 TO |
| UNITED STATES OF AMERICA, | VACATE, SET ASIDE, OR CORRECT SENTENCE |
|            Plaintiff-Respondent. | |

This matter comes before the Court on petitioner Leonel Marin-Torres' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Dkt. # 1. The Court has considered the parties' memoranda, the exhibits, and the remainder of the record. For the following reasons, the motion is DENIED.

## I. BACKGROUND

On October 1, 2009, a federal indictment charged petitioner with (1) possession of cocaine base in the form of crack cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Count 1); (2) carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and (3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3). Case No. CR09-262-RSL ("CR"), Dkt. # 24 at 1-3 (First Superseding Indictment). As predicate convictions for the felon-in-possession charge, the indictment lists a 1996 conviction for delivery of cocaine, a 1997 conviction for escape in the first degree, and a 2008 conviction for unlawful possession of a firearm in the first degree. *Id.* at 2-3. Petitioner was sentenced to 24 months of imprisonment for

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255 - 1

the 1996 delivery of cocaine conviction, 9 months of imprisonment for the 1997 escape

conviction, and, after an appeal, resentenced to 26 months of imprisonment for the 2008

unlawful possession of a firearm conviction. PSR at ¶¶ 28-31, 32-34, 38-39. At trial, the

government elected to prove petitioner's status as a felon only with respect to the 1996 delivery

of cocaine conviction. Dkt. # 10 at 18.

Following a trial where petitioner represented himself *pro se* with stand-by counsel, the

jury convicted petitioner on all counts. CR Dkt. # 100. On May 28, 2011, the Court imposed a

192-month prison sentence, consisting of 132 months on Count 1, a concurrent 120-month

sentence on Count 3, and a consecutive 60-month sentence on Count 2, followed by eight years

of supervised release. CR Dkt. # 110 at 2-3. The Ninth Circuit affirmed the convictions on

September 27, 2011. CR Dkt. # 137.

In 2014, while in custody, petitioner was convicted in the District of Oregon of

(1) assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C.

§§ 113(a)(3) and 7(3), and (2) possession of prison contraband, in violation of 18 U.S.C.

§§ 1791(a)(2), (b)(3), (d)(1)(B), and 7(3). CR Dkt. # 150-1 at 4-9 (Exhibit A-1). He was

sentenced to an additional 96 months of confinement and three years of supervised release, to

run consecutive to the sentence imposed by this Court. *Id.* In 2016, while still in custody,

petitioner was convicted in the District of Oregon of assault of an officer, in violation of 18

U.S.C. §§ 111(a) and (b). CR Dkt. # 150-6 at 4-9 (Exhibit B-1). He was sentenced to an

additional 51 months in custody and three years of supervised release, to run consecutive to the

192-month and 96-month sentences. *Id.* Both convictions were affirmed on appeal. *See United

States v. Marin-Torres*, 671 F. App'x 468 (9th Cir. 2016); *United States v. Marin-Torres*, 702 F.

App'x 634 (9th Cir. 2017). Thus, petitioner's total sentence now includes 339 months of

imprisonment and 14 years of supervised release.

In 2016, petitioner sought a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2),

which retroactively applied the 2014 amendment to the United States Sentencing Guidelines

drug-quantity table. CR Dkt. # 146. The Court denied the reduction. CR Dkt. # 155. The Ninth

Circuit affirmed the denial on appeal. *United States v. Marin-Torres*, 702 F. App'x 645 (9th Cir.

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255 - 2

1   2017). In 2019, petitioner sought a reduction of his sentence pursuant to the First Step Act. CR

2   Dkt. # 164. The Court again denied the reduction. CR Dkt. # 170. At this time, the appeal in that

3   case remains pending under stay. CR Dkt. # 186.

4       On June 18, 2020, petitioner filed this 28 U.S.C. § 2255 motion to vacate his felon-in-

5   possession conviction in light of the Supreme Court's decision in *Rehaif v. United States*, 139

6   S. Ct. 2191 (2019); Dkt. # 1-1. *Rehaif* requires the government to prove for 18 U.S.C.

7   § 922(g)(1) felon-in-possession convictions "both that the defendant knew he possessed a

8   firearm and that he knew he belonged to the relevant category of persons barred from possessing

9   a firearm." *Rehaif*, 139 S. Ct. at 2200. Petitioner argues that the indictment, jury instructions,

10  and jury verdict form used in his trial were each legally insufficient for their failure to include

11  the knowledge-of-status element under *Rehaif*. Dkt. # 1-1 at 2-3, 15. Additionally, he argues that

12  the government failed to present evidence at trial proving he knew of his status at the time he

13  possessed the firearm. *Id.* at 3, 9.

14      Petitioner alleges he did not have knowledge of his felony status within the meaning of

15  *Rehaif* for each of his three underlying convictions. *Id.* at 17. Specifically, he argues that he did

16  not believe his 1996 conviction for delivery of cocaine was a felony because he had just

17  immigrated from Cuba to the United States and therefore did not understand the offense was a

18  felony or the contents of his guilty plea, which was written in English. *Id.* at 19. Additionally,

19  petitioner maintains his defense counsel in that case deceived him by representing that the

20  sentence imposed would be 120 days as opposed to 24 months. *Id.* at 18. Petitioner also

21  challenges his knowledge of the 1997 escape conviction, arguing he believed he lawfully left

22  custody because he thought the term of imprisonment would only last 120 days. *Id.* at 20; *but

23  see* PSR ¶ 33 (petitioner told police he escaped because he believed he was being underpaid by

24  the work camp, not because he was confused about the duration of his sentence). He also argues

25  that, regardless, the escape conviction was not a felony because he was only sentenced to nine

26  months of imprisonment. *Id.* at 20. Finally, he argues that because he was released immediately

27  after being resentenced to 26 months of imprisonment for unlawful possession of a firearm in

28  2008, he believed the underlying sentence was unlawful and he was therefore not a felon. *Id.* at

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255 - 3

1  17; PSR at ¶ 39 (explaining that petitioner was immediately released after resentencing because
2  he had already served over five years of the original sentence imposed).

**II. DISCUSSION**

3
4  **A.   Preliminary Issues**

5       The Court first considers the following preliminary issues: (1) jurisdiction, (2) timeliness,
6  and (3) the concurrent sentence doctrine.

7       **1.  Jurisdiction**

8       Petitioner argues the indictment failed to charge a cognizable federal offense by
9  neglecting to include the knowledge-of-status element or to cite the operative criminal statute,
10 18 U.S.C. § 924(a)(2). Dkt. # 1-1 at 10-11. Accordingly, petitioner argues, the Court lacked
11 jurisdiction over the original offense. *Id.*; *see also* 28 U.S.C. § 2255(b) ("If the court finds that
12 the judgment was rendered without jurisdiction . . . the court shall vacate and set the judgment
13 aside and shall discharge the prisoner or resentence him or grant a new trial or correct the
14 sentence as may appear appropriate.").

15      In *United States v. Cotton*, the Supreme Court held that "defects in an indictment do not
16 deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630
17 (2002). In the *Rehaif* context, the Ninth Circuit has explained that "omission of the knowledge
18 of status requirement" does not deprive a district court of jurisdiction. *United States v. Espinoza*,
19 816 F. App'x 82 (9th Cir. 2020) (unpublished), *cert. denied*, 141 S. Ct. 2818 (2021). Therefore,
20 any deficiency in the indictment was not a bar to this Court's exercise of its jurisdiction over the
21 original offense.

22      **2.  Timeliness**

23      A one-year statute of limitations applies to § 2255 motions. As applicable here, this
24 period runs from "the date on which the right asserted was initially recognized by the Supreme
25 Court, if that right has been newly recognized by the Supreme Court and made retroactively
26 applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The government agrees that
27 *Rehaif* narrows the substantive scope of the relevant criminal statute, 28 U.S.C. § 922(g)(1), and
28 thus applies retroactively to cases on collateral review. Dkt. # 10 at 4 (citing *Welch v. United*

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255 - 4

1   *States*, 578 U.S. 120 (2016)). The Supreme Court issued *Rehaif* on June 21, 2019. Petitioner

2   filed the instant motion on June 18, 2020. Dkt. # 1-1 at 1. Therefore, the motion was timely

3   filed.[1]

4       **3.  Concurrent Sentence Doctrine**

5          The government argues the concurrent-sentence doctrine supports denying this motion.

6   Dkt. # 10 at 2-3. Under this doctrine, the Court may exercise its discretion "not to reach the

7   merits of a claim attacking fewer than all multiple concurrent sentences if success on the claim

8   would not have any collateral consequences or change the term of imprisonment." *United States*

9   *v. Beckham*, 202 F. Supp. 3d 1197, 1201 (E.D. Wash. 2016) (citing *Benton v. Maryland*, 395

10  U.S. 784 (1969)). The government argues the doctrine is applicable here because even if the

11  Court were to vacate petitioner's felon-in-possession conviction under 18 U.S.C. § 922(g)(1), he

12  would remain subject to the concurrent sentence imposed for his drug distribution offense

13  pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

14         The Court declines to apply the concurrent-sentence doctrine in this case. The Ninth

15  Circuit has rejected the use of the concurrent-sentence doctrine as a discretionary means of

16  avoiding review of criminal convictions on direct appeal. *United States v. De Bright*, 730 F.2d

17  1255, 1259 (9th Cir. 1984). In *De Bright*, the Ninth Circuit expressed "serious doubts…about

18  [its] ability to ascertain all the adverse collateral legal consequences of unreviewed convictions"

19  and concluded that the doctrine is "unfair to defendants and inappropriate in our criminal justice

20  system." *Id.* at 1258-59.

21         Courts in this District have repeatedly explained that the Ninth Circuit's reasoning

22  renders the concurrent-sentence doctrine likewise inappropriate in the § 2255 context. *See, e.g.*,

23  *Cruikshank v. United States*, 505 F.Supp.3d. 1127, 1131 (W.D. Wash. 2020) (declining to apply

24  the concurrent-sentence doctrine in resolving a § 2255 motion); *Williams v. United States*,

25  No. C20-994-RSL, 2021 WL 4948219 at *3 (W.D. Wash. 2022) (same); *Perez Perez v. United*

26

27        [1] The government also concedes that this is not a successive motion and that petitioner meets the

28  custody requirement of the habeas corpus statute. Dkt. # 10 at 4.

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255 - 5

1    *States*, No. C20-945-RSL, 2021 WL 5448154 at *2 (W.D. Wash. 2021) (same); *Irvis v. United*

2    *States*, No. C20-954-TSZ, 2021 WL 606359 at *1 n. 1 (W.D. Wash. 2021) (same); *Mujahidh v.*

3    *United States*, C19-1852-JLR, 2020 WL 1330750 at *3 (W.D. Wash. 2020) (same). The Court

4    therefore declines to apply the concurrent-sentence doctrine here.

5    **B.     Procedural Default**

6            A federal habeas petitioner who failed to raise a claim on direct appeal is generally barred

7    from raising the claim in a § 2255 motion. *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350-51

8    (2006). Here, petitioner's claim is procedurally defaulted because he did not raise the

9    knowledge-of-status error before this Court or on direct appeal to the Ninth Circuit. *See* Dkt. # 1

10   at 6; CR Dkts. # 128, # 29 at 1-11.

11           To overcome procedural default, a petitioner must establish either "(1) 'cause' excusing

12   his . . . procedural default, and (2) 'actual prejudice' resulting from the errors of which he

13   complains," *United States v. Frady*, 456 U.S. 152, 168 (1982), or "actual innocence," *Bousley v.*

14   *United States*, 523 U.S. 614, 622 (1988). Here, petitioner argues that (1) structural error,

15   (2) cause and actual prejudice, and (3) actual innocence excuse his procedural default. Dkt. # 1-1

16   at 22. The Court addresses each argument in turn.

17           **1.   Structural Error**

18           As an initial matter, petitioner in effect argues the *Rehaif* error is structural and requires

19   automatic reversal. Dkt. # 1-1 at 1-3. Petitioner alleges the error is structural because the

20   indictment, jury instructions, and jury verdict form all improperly failed to include the

21   knowledge-of-status element in violation of the Fifth and Sixth Amendments, thus destroying

22   the constitutional validity of the entire proceeding. *Id.* at 2-3.

23           A structural error is a constitutional error that affects "the entire conduct of the

24   proceeding from beginning to end." *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991). "[T]he

25   defining feature of a structural error is that it affects the framework within which the trial

26   proceeds, rather than being simply an error in the trial process itself." *Weaver v. Massachusetts*,

27   137 S. Ct. 1899, 1907 (2017) (internal quotations and citations omitted). In *United States v.*

28   *Dominguez Benitez*, the Supreme Court explained that "[i]t is only for certain structural errors

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255 - 6

undermining the fairness of a criminal proceeding as a whole that even preserved error requires reversal without regard to the mistake's effect on the proceedings." 542 U.S. 74, 81 (2004) (citing *Fulminante*, 499 U.S. at 309–10 (1991)); *see, e.g. U.S. v. Davila*, 569 U.S. 597, 611 (2013) (listing the limited class of structural errors implicating fundamental unfairness which entitle a defendant to automatic reversal without an inquiry into prejudice). Unlike a structural error, the omission of the knowledge-of-status element under *Rehaif* is a discrete defect that does not "*necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021) (quoting *Neder v. United States*, 527 U.S. 1, 9 (1999)); *see also United States v. Pollard*, 20 F.4th 1252, 1256 n.3 (9th Cir. 2021) ("*Rehaif* errors are never structural, and a habeas petitioner is still required to show actual prejudice."). Even assuming the *Rehaif* error could be classified as structural, "a habeas petitioner must [still] show actual prejudice to overcome procedural default . . . when the error does not always result in actual prejudice." *Pollard*, 20 F.4th at 1256 n.3. Therefore, the Court proceeds to considering whether petitioner can establish cause and actual prejudice.

### 2. Cause and Actual Prejudice

Given the split among courts in this District over whether to find cause in challenges to convictions under *Rehaif*, the Court assumes without deciding that petitioner can establish cause. *See McKean v. United States*, No. C20-5596-BHS, 2020 WL 7385714 at *3-4 (W.D. Wash. 2020) (collecting cases). Even so, petitioner has not shown actual prejudice.

To demonstrate actual prejudice sufficient to overcome procedural default, petitioner would need to show "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (citing *Frady*, 456 U.S. at 170) (emphasis in original). In determining whether a petitioner sustained prejudice, the Court may review the entire record. *United States v. Vonn*, 535 U.S. 55, 59 (2002). At minimum, a petitioner alleging actual prejudice "must show the *Rehaif* error would have been reversible plain error if it were raised on direct appeal." *Irvis*, 2021 WL 606359 at *2 (citing

*Cruikshank*, 505 F. Supp. 3d at 1133). To demonstrate plain error, a petitioner must show an (1) error, (2) which was plain, (3) affected the defendant's substantial rights, meaning there is a reasonable probability that, but for the error, the outcome of the proceeding would have been different, and (4) seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019) (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)); *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018). If petitioner cannot show reversible plain error, then he necessarily cannot establish actual prejudice.

The government does not contest that under *Rehaif*, its failure to prove the knowledge-of-status element was (1) an error (2) which was plain. Therefore, the Court considers whether (3) there is a reasonable probability that the outcome of the proceeding would have been different but for the error.

The Supreme Court has held that defendants challenging a § 922(g)(1) conviction under *Rehaif* generally cannot establish a "reasonable probability" of acquittal because "[f]elony status is simply not the kind of thing that one forgets," and therefore "a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon." *Greer*, 141 S. Ct. at 2097 (quoting *United States v. Gary*, 963 F.3d 420, 423 (4th Cir. 2020) (Wilkinson, J., concurring in denial of reh'g en banc)). Where previous convictions resulted in a custodial period exceeding one year, petitioners cannot reasonably claim ignorance of their felony status. *See, e.g.*, *United States v. Luong*, 965 F.3d 973, 989 (9th Cir. 2020) (petitioner, who served four prison sentences exceeding one year, could not establish he lacked knowledge-of-status); *cf. Rehaif*, 139 S. Ct. at 2198 (explaining that petitioners lack knowledge-of-status in limited circumstances, such as if previously convicted of a felony, but only sentenced to probation).

Although petitioner challenges the legal sufficiency of his prior felony convictions, *see supra* Part I at 4 (Background), there is significant evidence in the record that he knew he had prior convictions "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Petitioner was sentenced to 24 months of imprisonment for the 1996 delivery of cocaine conviction, which is the felony conviction that the government used to prove

1    petitioner's felony status at trial. PSR at ¶¶ 28-31. Five months into his sentence, petitioner

2    escaped from the prison work camp. However, he was returned to custody the very next day. *Id.*

3    at ¶ 33. He was sentenced to nine additional months of confinement for the escape conviction

4    and served the full term of both sentences. *Id.* at ¶ 32. Thus, even assuming petitioner believed

5    his sentence was only 120 days prior to his escape, it is patently unbelievable that he was still

6    unaware of the length of his sentence after being apprehended, returned to prison, and convicted

7    of escape. Moreover, additional evidence in the record regarding the delivery conviction,

8    including petitioner's presence at his sentencing hearing and a signed interpreter affidavit

9    attached to the plea agreement acknowledging the document had been translated into Spanish

10    and shared with petitioner, indicate that petitioner was well aware of the length of his sentence.

11    Dkt. # 10 at 17-18. Therefore, there is not a reasonable probability that but for the *Rehaif* error a

12    jury would have found petitioner was oblivious to his felon status. Accordingly, the Court finds

13    petitioner was not actually prejudiced by the omission of the knowledge-of-status element.

14        **3. Actual Innocence**

15        Neither is petitioner actually innocent of the felon-in-possession conviction. Actual

16    innocence "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

17    "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence, it

18    is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Schlup*

19    *v. Delo*, 513 U.S. 298, 327-28 (1995)). Actual innocence is established when a petitioner was

20    "convicted for conduct not prohibited by law," *Alaimalo v. United States*, 645 F.3d 1042, 1047

21    (9th Cir. 2011), including where a retroactive intervening change in the law renders a petitioner

22    factually innocent of a predicate crime, *Allen v. Ives*, 950 F.3d 1184, 1190 (9th Cir. 2020).

23        In a brief passage, petitioner argues that he is actually innocent of the felon-in-possession

24    conviction "pursuant to *Rehaif*." Dkt. # 1-1 at 22. However, the key actual innocence inquiry in

25    a § 2255 challenge to a felon-in-possession conviction under *Rehaif* is not whether the

26    knowledge-of-status requirement was omitted from the indictment, jury instructions, verdict, or

27    some other document, but instead whether the underlying offense actually constituted a felony.

28    *See, e.g.*, *Nair v. United States*, No. C19-1751-JLR, 2020 WL 1515627 (W.D. Wash. 2020)

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255 - 9

1   (petitioner was actually innocent under § 922(g)(1) because the predicate conviction was not a

2   felony under new guidance from the Ninth Circuit); *Williams*, 2021 WL 4948219 (same). Where

3   the predicate conviction is from Washington State, the government must establish that the top-

4   end of the mandatory state sentencing guidelines range or the actual sentence imposed exceeded

5   one year to secure a felon-in-possession conviction. *United States v. Valencia-Mendoza*, 912

6   F.3d 1215, 1219 (9th Cir. 2019).

7         Here, there is no question that petitioner received a 24-month sentence for the 1996

8   delivery offense, making it a crime punishable by a term of imprisonment exceeding one year.

9   *Id.* Under controlling authority, it was therefore a felony for the purposes of the felon-in-

10  possession statute. The foregoing analysis also supports petitioner's felony status with respect to

11  the 2008 unlawful possession offense.

12        Therefore, the Court declines to reach the merits of petitioner's motion because petitioner

13  has not met his burden to show cause and actual prejudice or actual innocence excusing his

14  procedural default.

15  **C.    Evidentiary Hearing**

16        Petitioner requests an evidentiary hearing. Dkt. # 1-1 at 4. The Court finds an evidentiary

17  hearing is not required. The motion, files, and records of the case conclusively establish that

18  petitioner is not entitled to relief. *See* 28 U.S.C. § 2255(b).

19  **D.    Certificate of Appealability**

20        The Court declines to issue a certificate of appealability. A defendant may not appeal a

21  decision denying a motion under 28 U.S.C. § 2255 without obtaining a certificate of

22  appealability. 28 U.S.C. § 2253(c)(1)(B). To obtain a certificate of appealability, the defendant

23  must show "that jurists of reason would find it debatable whether the petition states a valid claim

24  of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a

25  defendant's claim is procedurally barred, he must also show "that jurists of reason would find it

26  debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain

27  procedural bar is present and the district court is correct to invoke it to dispose of the case, a

28  reasonable jurist could not conclude either that the district court erred in dismissing the petition

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255 - 10

or that the petitioner should be allowed to proceed further." *Id.* Under these circumstances, as here, appeal is unwarranted.

### III. CONCLUSION

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1.    Petitioner's motion under 28 U.S.C. § 2255 to vacate, correct, or set aside his sentence (Dkt. # 1) is DENIED; and

2.    Petitioner is DENIED a certificate of appealability under 28 U.S.C. § 2253.

DATED this 10th day of May, 2022.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255 - 11